**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY** | § | |
| **COMMISSION,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | **CIVIL ACTION NO.** |
| **v.** | § | |
| | § | |
| **CAROLINA CREEK CHRISTIAN CAMP,** | § | |
| **INC.** | § | |
| | § | |
| **Defendant.** | § | **JURY TRIAL DEMANDED** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964; under Title I and Title V of the Americans with Disabilities Act of 1990; and under Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex (pregnancy), on the basis of disability, and retaliation, and to provide appropriate relief to Korrie Reed.  As alleged with greater particularity in paragraphs 11-25 below, Defendant demoted Ms. Reed because of her pregnancy and because of the gestational diabetes that she developed as a result of her pregnancy; when Ms. Reed expressed to Defendant that she believed that demoting her because of her pregnancy and medical condition was unfair and likely illegal, Defendant fired Reed, and then in further acts of retaliation, sued her twice.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII"); pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42

U.S.C. § 12117(a); and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

## PARTIES

3.     Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA.  The Commission is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), and by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.     At all relevant times, Defendant Carolina Creek Christian Camp, Inc. (the "Employer"), has continuously been a Texas non-profit corporation doing business in the State of Texas and the City of Huntsville, and has continuously had at least 15 employees.

5.     At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h), and under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7).

6.     At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7.      More than thirty days prior to the institution of this lawsuit, Korrie Reed filed charges with the Commission alleging violations of Title VII and violations of the ADA by Defendant Employer.

8.      On July 28, 2016, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that Title VII was violated and finding reasonable cause to believe that the ADA was violated, and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9.      On or about November 30, 2016, the Commission issued to Defendant Employer a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11.     Since at least June 2014, Defendant has engaged in unlawful employment practices at its offices in Huntsville, Texas, in violation of Sections 703(a), 701(k), and 704 of Title VII, 42 U.S.C. §§ 2000e-2(a), 2000e(k), and 2000e-3(a), and in violation of Sections 101 et. seq. of Title I of the ADA, 42 U.S.C. § 12101 et seq. and Title V of the ADA, 42 U.S.C. § 12203.

12.     Korrie Reed is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8).  Defendant regarded Korrie Reed as having a disability by subjecting her to an adverse employment action, demotion, because of an actual or perceived impairment, diabetes.

13.     Korrie Reed was hired in August of 2013 as the Carolina Creek Christian Camps registrar.  Soon after starting this position, she learned that she was pregnant.  During her pregnancy she developed [gestational] diabetes.

14.     Consequently, Carolina Creek decided that it was "going to remove [Reed] from the enormous daily stress of being the camp registrar."  Carolina Creek informed Reed in writing that its decision to remove her from her position was "Predominately because of" her "medical conditional" [sic] and "her need to medically take care of herself and the baby."  In February 2014, less than a week after Carolina Creek had learned of Ms. Reed's diabetes, Carolina Creek demoted Reed, and promoted her former assistant to the Registrar position; Reed was relegated to the assistant's role.

15.     Reed went on maternity leave in April 2014.  When she returned to work in early June 2014, Defendant had reassigned her from the Registrar's office to a position as Assistant to the Finance Director.  Reed experienced a reduction in her duties and responsibilities in this new position, and she considered the unrequested job change to be a demotion.

16.      On several occasions in the second half of 2014 and in early January 2015, Ms. Reed complained to the Executive Director that she viewed her demotion from Registrar to be illegal and discriminatory.  The Carolina Creek Executive Director told her that she was removed from the Registrar position due to her "pregnancy" and "disability."

17.     Because Reed made objections to what she believed to be discrimination, Defendant on January 9, 2015, fired Reed.

18.     Reed filed a Charge of Discrimination with the EEOC in January 2015.  She also retained counsel to pursue her civil rights claims.  Reed's counsel sent a letter dated January 27, 2015, that was addressed to Defendant's Chairman of the Board and President, and to

Defendant's Executive Director.  The letter states that "The purpose of this letter is to inform you of our client's resolve in pursuing this matter."  The letter further asks Defendant to put a "litigation hold" on all documents related to Reed's employment, and to remind Defendant of its duty to preserve electronic and hard-copy evidence.

19.     On February 3, 2015 -- a week after Reed's counsel sent the letter to Carolina Creek -- Carolina Creek sued Reed in state court.  The suit is captioned "Plaintiff's Original Petition for Declaratory Judgment."  The suit sought a "declaration from the Court" that Reed "was not terminated at all," but instead, that she "refused re-assignment to other responsibilities," or alternatively that if Reed was fired, that "she was terminated solely for good cause for insubordination and misconduct."  The suit additionally "seeks a permanent injunction prohibiting [Reed] from disparaging or defaming" Carolina Creek.

20.     Reed filed an amended Charge of Discrimination with the EEOC on March 6, 2015.

21.     On July 15, 2015, while the first lawsuit filed by Carolina Creek against Reed was still pending, Carolina Creek sued Reed a second time.  The suit also was in state district court. Although Reed was named as a defendant in this lawsuit, which challenged the decision of the Texas Workforce Commission to award unemployment benefits to Reed, Carolina Creek never served Reed with a copy of this lawsuit.

22.     After Reed did not file an Answer to this lawsuit, the existence of which she was unaware, Carolina Creek applied for and obtained a Default Judgment.

23.     By Carolina Creek's own admission in the Letter of Termination that it presented to Reed, Carolina Creek's decision to demote Reed out of the Registrar position was "because of" Reed's pregnancy and her related diabetes.

24.     Carolina Creek fired Reed because she opposed what she reasonably believed to be unlawful and discriminatory treatment from her employer.

25.     Additionally, Carolina Creek further retaliated against Reed by filing lawsuits against her both because she opposed what she believed to be discrimination, and because she filed an EEOC charge and retained counsel to assist her in participating in the statutorily authorized procedure to seek remedy for unlawful discrimination.

26.     The effect of the practices complained of in paragraphs 11-25 above has been to deprive Korrie Reed of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex (pregnancy) and because of her diabetes.

27.     The effect of the practices complained of in paragraphs 11-25 above has been to deprive Korrie Reed of equal employment opportunities and otherwise adversely affect her status as an employee because of her opposition to Defendant's discriminatory practices and because of her participation in the statutory process for pursuing allegations of discrimination that violates Title VII and the ADA.

28.     The unlawful employment practices complained of in paragraphs 11-25 above were intentional.

29.     The unlawful employment practices complained of in paragraphs 11-25 above were done with malice or with reckless indifference to the federally protected rights of Korrie Reed.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from reassigning or demoting employees based on their disability or pregnancy.

B.      Grant a permanent injunction enjoining Defendant its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from filing lawsuits against former employees for retaining counsel to pursue discrimination claims or for filing claims with federal or state agencies.

C.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for pregnant women and workers with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

D.      Order Defendant to make whole Korrie Reed, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to requiring Defendant to reinstate Korrie Reed; to voluntary dismiss with prejudice the pending lawsuit against Korrie Reed; and to voluntarily seek to vacate the default judgment against Korrie Reed, and to voluntarily seek to dismiss with prejudice that lawsuit as well.

E.      Order Defendant to make whole Korrie Reed by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 11-25 above, including job search expenses, expenses for additional training or education, and expenses in defending against the meritless litigation initiated by Defendant, in amounts to be determined at trial.

F.      Order Defendant to make whole Korrie Reed by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in

paragraphs 11-25 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

G.      Order Defendant to pay Korrie Reed punitive damages for its malicious or reckless conduct, as described in paragraphs 11-25 above, in amounts to be determined at trial.

H.      Grant such further relief as the Court deems necessary and proper in the public interest.

I.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

**EQUAL   EMPLOYMENT   OPPORTUNITY COMMISSION**

JAMES LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
131 M Street, N.E.
Washington, D.C. 20507


 /s/ Timothy  M.  Bowne_____
Timothy M. Bowne
Senior Trial Attorney
Attorney-in-Charge
Texas Bar No. 00793371
Southern District of Texas No. 20023
Houston District Office
1919 Smith Street, 7th Floor
Houston, Texas 77002
Phone: (713) 651-4914
Fax: (713) 651-7995
Email: timothy.bowne@eeoc.gov

8

OF COUNSEL:

RUDY SUSTAITA
Regional Attorney

ROSE ADEWALE-MENDES
Supervisor Trial Attorney
Equal Employment Opportunity Commission
1919 Smith Street, 6th Floor
Houston, Texas 77002