IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § |
| Plaintiff, | § § § |
| | §  CIVIL ACTION NO. 4:16-cv-03714 |
| v. | § § |
| CAROLINA CREEK CHRISTIAN CAMP, INC. | § § § |
| Defendant. | § § |

**CONSENT DECREE**

THIS CONSENT DECREE is made and entered into by and between the U.S. Equal Employment Commission ("EEOC" or "Plaintiff") and Carolina Creek Christian Camp ("Defendant") (Plaintiff and Defendant are collectively referred to herein as "the Parties"), with regard to the EEOC's Complaint (the "Complaint"), filed in the above-entitled Civil Action No. 4:16-cv-03714, in the United States District Court for the Southern District of Texas, Houston Division (the "Lawsuit"). The Complaint was based upon two Charges of Discrimination ("Charges"), and amendments thereto, filed by Korrie L. Reed ("Reed" or "Charging Party") against Defendant under Charge Nos. 460-2015-01129 and 460-2015-02059.

I.

The above-referenced Complaint filed by the EEOC alleges that Defendant violated Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended by the Pregnancy Discrimination Act ("PDA"), 42 U.S.C. §§ 2000e(k) and 2000e-2(a)(1), and the Americans with Disabilities Act, as amended ("ADAAA"), 42 U.S.C. § 12101, *et seq.* In addition to the relief provided by

1

Title VII, the PDA and the ADAAA, Plaintiff is seeking compensatory and punitive damages for Reed as authorized by the Civil Rights Act of 1991, 42 U.S.C. § 1981a. Defendant denies the claims and allegations that it violated the law, as alleged in the Charges and Complaint, and this Consent Decree ("Decree") shall not constitute an admission of liability, adjudication of liability, or a finding on the merits of the case.

The Parties agree to compromise and settle the differences embodied in the Charges and Complaint, and intend that all the terms and conditions of the compromise and settlement between the Parties be set forth in this Decree.

II.

In consideration of the mutual promises and agreements set forth in this Decree, the sufficiency of which is hereby acknowledged, the Parties agree as follows and the Court ORDERS that:

1. This Decree resolves all issues raised by the Charges and in the Complaint and this Lawsuit. The EEOC waives any further claims and/or litigation on all issues raised in the above-referenced Charges and Complaint. However, this Decree in no way affects the EEOC's right to process and/or litigate charges of discrimination against Defendant other than the above-referenced Charges, and the EEOC makes no waiver of such right.

2. The Parties agree that this Court has jurisdiction over the subject matter of this action and the Parties, that venue is proper in this Court, and that all administrative prerequisites have been satisfied.

3. The Parties agree that the term of this decree shall be two (2) years, which will commence on the date this Decree is entered by this Court.

4.     Defendant is enjoined from engaging in, knowingly promoting or knowingly allowing any acts of unlawful discrimination, including discrimination under Title VII, the PDA, and the ADAAA, and from retaliating against anyone for reporting what he or she reasonably believes to be a violation of any of these statutes by making an internal complaint, filing a charge of discrimination, or otherwise opposing discrimination or assisting in any manner in any proceedings under the provisions of the statutes.

5.     Defendant agrees to pay Reed the total sum of Seventy Thousand and no/100 Dollars ($70,000) (the "Settlement Amount") in full and final settlement of all claims which were or could have been raised in the Charges or the Lawsuit inclusive of costs and attorneys' fees, in the form of three (3), as described herein, personal or business checks, money orders, cashier's checks, or other bank-guaranteed notes (the "Settlement Checks").

6.     The sum of Eight Thousand Five Hundred and no/100 Dollars ($8,500.00) of the total Settlement Amount is intended by the Parties to compensate Reed for back pay and/or lost wages, and thus, shall be subject to withholding of applicable federal payroll and income taxes, and shall be paid by a separate Settlement Check, other than that described in paragraphs 7 and 8 below, made payable to Korrie L. Reed.

7.     The sum of Thirty-four Thousand and no/100 Dollars ($34,000.00) of the total Settlement Amount is intended by the Parties to compensate Reed for losses associated with her claims against Defendant, including, but not necessarily limited to, compensatory damages for past and future non-pecuniary losses including emotional pain, suffering, inconvenience, and mental anguish, and shall be paid in one lump sum by a separate Settlement Check, other than that described in paragraphs 6 above and 8 below, made payable to Korrie L. Reed.  As such, this Settlement Check will not be subject to any withholdings of any taxes.

3

8. The sum of Twenty-Seven Thousand Five Hundred and no/100 Dollars ($27,500.00) of the total Settlement Amount shall be paid, as requested by Reed and her legal counsel, Kennard Richard, P.C., in one lump sum by a separate Settlement Check, other than that described in paragraphs 6 and 7 above, made payable to Kennard Richard, P.C. To the Parties' mutual understanding, this sum has been designated by Reed and her counsel as compensation for attorneys' and other fees to Reed's counsel. As such, this Settlement Check will not be subject to any withholdings of any taxes.

9. Within fifteen (15) days of the entry of this Decree, Defendant shall deliver the Settlement Checks described in paragraphs 6 and 7 above directly to the Charging Party at the address provided by the EEOC by overnight mail through the U.S. Postal Service, the United Parcel Service, Federal Express, or a comparable service provider, at Defendant's cost or expense. Within fifteen (15) days of the entry of this Decree, Defendant shall deliver the Settlement Check described in paragraph 8 above directly to Charging Party's counsel, Kennard Richard, P.C., at the address previously provided by Charging Party's counsel by overnight mail through the U.S. Postal Service, the United Parcel Service, Federal Express, or a comparable service provider, at Defendant's cost or expense. Within three (3) business days of the delivery of the Settlement Checks to the Charging Party and to Kennard Richard, P.C., a copy of each Settlement Check shall be mailed to the EEOC by Defendant, addressed to the individual and address specified in paragraph 38 of this Decree.

10. If Defendant fails to timely pay any Settlement Check, as specified in paragraphs 6-9 above, or to otherwise comply with those paragraphs, the EEOC shall be authorized to seek immediate relief for such failure and for enforcement of this Decree in the United States District Court, with or without notice to Defendant. If any such Settlement Check described in

paragraphs 6-8 above is returned by Defendant's financial institution as unpaid for any reason, including insufficient funds, the payment shall be considered to be past due and all available remedies for past due payments set forth in this paragraph shall accrue to the EEOC.

11. In the event any Settlement Check described in paragraphs 6-8 above is not timely paid, as described in paragraphs 9-10 above, interest shall immediately accrue on the relevant portions(s) of the Settlement Amount at the then-current IRS penalty rate, and shall be immediately owed to the recipient of the relevant Settlement Check(s), *i.e.,* Charging Party or her counsel, by Defendant. Interest shall accrue at the referenced rate in an amount of no less than thirty (30) days for each period of delinquency of one (1) to thirty (30) days and each subsequent period exceeding 30 days, *i.e.,* 30 days interest shall immediately accrue for any delinquency between one and 30 days, 60 days interest shall immediately accrue for any delinquency between 31 and 60 days, 90 days interest shall immediately accrue for any delinquency between 61 days and 90 days, and so forth.

12. The Parties and Charging Party recognize that all or any portion of the Settlement Amount may be subject to federal income taxes in addition to the withholding specified in paragraph 6 above. Charging Party shall be responsible for paying all additional taxes owed. For the sum of back pay subject to withholding referenced in paragraph 6, Defendant shall issue and deliver to Reed an individual Internal Revenue Service Form W-2 by January 31, 2018.

13. Defendant shall post the Notice appended hereto as Exhibit "A" in the workplace on an employee bulletin board or in another location readily and normally accessible by employees. The Notice may be posted in multiple locations. Such posting(s) shall be accomplished within fifteen (15) days after entry of this Decree. Within three (3) business days following such posting(s), Defendant shall notify the EEOC that the Notice has been posted in

the workplace, and shall specify the location(s) in which it has been posted. The Notice shall remain posted at all times in at least one such location during the term of this Decree.

14. As part of its duty and agreement to comply with Title VII, the PDA, and the ADAAA, Defendant shall implement, maintain and enforce policies prohibiting workplace discrimination, including discrimination and retaliation prohibited by Title VII, the PDA, the ADAAA, and/or any other federal Equal Employment Opportunity (EEO) law. In addition to general non-discrimination and non-retaliation provisions, the policies referenced herein shall specifically prohibit any manager, supervisor, officer, owner, executive staff member, director, human resources personnel, or employee of Defendant from: (a) discriminating against an employee who is pregnant or who is experiencing any medical condition or complications related to pregnancy or childbirth because of that pregnancy, condition, or complications, including by reassigning the employee because of a belief or assumption that the employee cannot perform certain job functions or duties without first engaging in an interactive process with the employee regarding the reassignment or another reasonable accommodation and whether an accommodation is necessary; and (b) retaliating against an employee with regard to his or her employment or any terms and conditions of employment for engaging in any activity protected by Title VII, the PDA, the ADAAA, and/or other federal EEO laws, including the reporting by the employee or his or her agent or representative of the employee's opposition to illegal practices or practices reasonably believed in good faith by the employee to be illegal at the time of the protected activity. Unlawful retaliation may include filing a lawsuit or otherwise pursuing legal action against or attempting to interfere with the rights of an applicant or employee for filing a charge of discrimination or otherwise pursuing his or her rights under Title VII, the PDA, the ADAAA, or any other federal EEO law.

15. The policies referenced in paragraph 14 above shall include a warning to all managers, supervisors, officers, owners, executive staff, directors, human resources personnel, and employees that failure to comply with Defendant's policies, procedures and guidelines may be grounds for serious discipline, including suspension, demotion or discharge depending on the degree of misconduct.

16. Defendant shall develop and institute complaint procedures setting forth an easy and effective path for an employee or applicant to make a complaint of discrimination or retaliation internally within the company.

17. Defendant shall develop, maintain and utilize effective guidelines for investigating internal complaints of discrimination and retaliation, and shall designate appropriate personnel to conduct such investigations.

18. The policies, procedures, and guidelines referenced in paragraphs 14-17 above shall be submitted by Defendant to the EEOC for review within sixty (60) days after the entry of this Decree. Defendant shall make such changes to the policies, procedures, guidelines, and application, if any, as mandated by the EEOC within ten (10) days of receipt. Thereafter, the policies and complaint procedures shall be distributed to employees, with Defendant notifying the EEOC of the distribution within three (3) business days following the distribution.

19. During the term of this Decree, before any substantive changes to the policies, procedures, or guidelines referenced in paragraphs 14-17 may be implemented, Defendant shall submit the proposed changes to the EEOC. The EEOC will provide any changes and additions, if any, to the policies, procedures, or guidelines, to Defendant within thirty (30) days of receipt of Defendant's proposed changes. Defendant shall then implement all changes and/or additions, if any, mandated by the EEOC within fifteen (15) days of receipt of the mandated changes.

20.     Defendant's managers, supervisors, officers, owners, executive staff, directors, and human resources personnel shall attend professional training regarding employment discrimination, including discrimination on the basis of pregnancy, discrimination on the basis of a medical condition related to pregnancy or childbirth, and retaliation, as prohibited by Title VII, the PDA, and the ADAAA. The training is to be provided by an outside, independent specialist in the field of EEO rights and statutes. The training shall be at least two (2) hours in duration. As part of the training, all such individuals shall be advised that failure to comply with Defendant's EEO policies, procedures and guidelines may be grounds for serious discipline, including suspension, demotion or discharge depending on the degree of misconduct.

21.     Defendant shall also provide training sessions to all non-seasonal employees of Defendant not specified in paragraphs 20 or 25 of this Decree which advises the employees of their rights under employment anti-discrimination/EEO laws, with a special emphasis on discrimination prohibited by Title VII, the PDA, the ADAAA, and retaliation prohibited by all such statutes. The training shall be conducted by an outside, independent EEO specialist qualified to conduct the training and the training shall be at least one (1) hour in duration. A "non-seasonal employee" is defined to include any individual who is employed by Defendant and who performs work or provides services for Defendant for four months or more of the calendar year.

22.     The first of the training sessions described in paragraphs 20-21 of this Decree shall be conducted by September 30, 2017. Defendant may conduct as many other such training sessions as it chooses and at any time during the term of this Decree; however, Defendant shall conduct at least one additional training session described in paragraph 20 and at least one

additional training session described in paragraph 21 no earlier than six (6) months after the first training session and no later than September 30, 2018.

23. At least thirty (30) days prior to the initial training sessions described in paragraphs 20-22 of this Decree, Defendant shall provide to the EEOC the name of the instructor(s) conducting the training sessions, his or her (or their) title(s) or affiliation(s), and his or her (or their) qualifications for conducting the training, as well as a copy of the curriculum(s) to be utilized. If the EEOC notifies Defendant during the thirty (30) day period between receipt by the EEOC and the initial training sessions that it does not approve the instructor(s) and/or the curriculum(s), Defendant shall have fifteen (15) days thereafter to submit information pertaining to a new instructor(s) and/or curriculum(s). If the instructor(s) and/or curriculum(s) utilized for any future training session changes, Defendant shall submit this information to the EEOC for review in the same manner and within the same timeframes described in this paragraph.

24. No more than thirty (30) days after each training session described in paragraphs 20-22 of this Decree is conducted, Defendant shall provide to the EEOC a written acknowledgment of receipt of such training by each and every individual attendee. Defendant may utilize a group sign-in sheet for this purpose.

25. All seasonal employees shall be provided with a copy of the policies, procedures and guidelines described in paragraphs 14-17 of this Decree either prior to or immediately upon first performing work at Defendant's workplace. A "seasonal employee" is defined to include any individual who is employed by Defendant and who performs work or provides services for Defendant for less than four months of the calendar year. Any such individual who is performing work or providing services in Defendant's workplace and who is available at the time any

training described in the applicable foregoing paragraph 20 or 21 is provided shall attend the training.

26.     Defendant shall remove from all personnel files pertaining to Reed all documents, entries, and references relating to the Charges, the Complaint, and the facts and circumstances which form the basis for this Lawsuit. Defendant shall segregate all such documents and maintain them, if at all, in a separate, confidential file. Defendant shall report to the EEOC within thirty (30) days after the entry of this Decree that it has complied with this paragraph.

27.     If contacted for a job reference by a prospective employer of Reed, Defendant shall provide a neutral job reference which includes Charging Party's dates of employment, the position(s) she held (including the position of Registrar), and her final rate of pay. Defendant may <u>not</u> indicate that Charging Party was demoted, that she is ineligible for rehire, or that she left employment with Defendant involuntarily or under any negative circumstances.

28.     Defendant previously filed Cause No. 1527294, Carolina Creek Christian Camp, Inc. v. Korrie Reed, in the 12th District Court of Walker County, Texas (the "declaratory judgment action") seeking declaratory relief against Reed. As part of the settlement of the claims in this Lawsuit, Defendant agrees that it shall not pursue, attempt to reinstate, or further prosecute the declaratory judgment action or any other such action against Reed related to her employment and the claims set forth in the Charges, the Complaint, and/or and the Lawsuit. If, as of the date this Decree is entered, the declaratory judgment action is still pending, Defendant shall formally petition the state district court, within ten (10) business days after the date of entry of this Decree, for dismissal of the declaratory judgment action with prejudice.

29.     Defendant previously filed Cause No. 1527495, Carolina Creek Christian Camp, Inc. v. Texas Workforce Commission and Korrie Reed, in the 278th District Court of Walker

County, Texas (the "TWC lawsuit") in which a default judgment was entered against the Texas Workforce Commission ("TWC") and Reed. As part of the settlement of the claims in this Lawsuit, Defendant agrees that it shall not pursue enforcement of the default judgment in the TWC lawsuit or recovery of any TWC benefits or other relief from or against Reed related to the TWC lawsuit or Reed's TWC claim. Defendant further agrees that it shall not voluntarily engage in any action that could result in Reed being required to repay any TWC benefits she may have received related to her employment with Defendant.

30.   During the term of this Decree, the EEOC shall have the right, upon notice to Defendant of at least three (3) business days, to enter onto and inspect Defendant's premises to ensure compliance with this Decree and the federal anti-discrimination laws.

31.   Defendant shall provide a written compliance report to the EEOC on or before March 1, 2018 and or on before March 1, 2019. These two reports shall be separate from and in addition to the specific reports and notices otherwise required by this Decree, and shall set forth Defendant's compliance efforts by reference to each numbered paragraph of this Decree. Defendant shall identify any Decree provision(s) as to which there has not been full compliance, and in each such case, Defendant shall explain the reason(s) for non-compliance and specify its plan to assure compliance with the relevant provision(s), indicating a date by which compliance will be reached.

32.   During the term of this Decree, Defendant shall provide notice to the EEOC of any charge of discrimination against Defendant filed with the EEOC or the Texas Workforce Commission within thirty (30) days of notice to Defendant of any such charge or action.

33.   During the term of this Decree and while any requirements mandated by this Decree remain in effect, the Court shall retain jurisdiction to assure compliance with this Decree

and to permit entry of such further orders or modifications as may be appropriate. For any breach alleged by the EEOC, other than non-payment of any portion of the Settlement Amount (for which the EEOC may seek immediate relief pursuant to paragraph 10 of this Decree), the EEOC will provide notice to Defendant who will then have ten (10) business days for the opportunity to investigate and cure such breach. Should the parties be unable to resolve such a situation after good faith attempts, and the EEOC assesses that compliance has not been achieved, the EEOC is specifically authorized to seek Court-ordered enforcement of this Decree. The EEOC also reserves the right to seek contempt sanctions for non-payment and/or other non-compliance with this Decree.

34. All time period(s) referenced in this Decree shall be measured in calendar days unless otherwise noted.

35. This Decree shall be binding on Defendant and all successors-in-interest to the business owned or managed by Defendant, and Defendant shall notify all such successors-in-interest or potential successors-in-interest of the existence and terms of this Decree by providing them with a copy of the Decree.

36. Neither the EEOC nor Defendant shall contest the validity of this Decree nor the retained and continuing jurisdiction of the U.S. District Court to enforce this Decree and to permit entry of such further orders or modifications as may be appropriate.

37. All reports and notices to the EEOC required by this Decree shall be sent to Connie W. Gatlin, Senior Trial Attorney, or her designee, at the Equal Employment Opportunity Commission, 1919 Smith St., 6th Floor, Houston, Texas 77002, utilizing any particular format or method specified in this Decree or otherwise designated by the EEOC.

38. If any provision of this Decree is held to be invalid, the remaining provisions shall remain enforceable.

39. Each party to this action shall bear its own costs and attorney's fees.

SO ORDERED, ADJUDGED AND DECREED this \_\_\_\_ day of May, 2017.

_____
THE HONORABLE LYNN N. HUGHES
UNITED STATES DISTRICT COURT JUDGE

APPROVED AND ENTRY REQUESTED:

FOR PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:

/s/ Connie W. Gatlin
CONNIE W. GATLIN,
Senior Trial Attorney
Texas Bar No. 00792916
S. D. Tex. No. 23624
Equal Employment Opportunity Commission
Houston District Office
1919 Smith St., 6th Floor
Houston, Texas 77002
 (713) 651-4976 (direct)
 (713) 651-7995 (fax)
connie.gatlin@eeoc.gov


FOR DEFENDANT CAROLINA CREEK CHRISTIAN CAMP, INC.:

/s/ B. Eliot New, by permission CWG
B. ELIOT NEW
Texas Bar No. 24060328
S.D. Tex. No. 884608
Germer PLLC
P.O. Box 4915
Beaumont, Texas 77704
(409) 654-6700
(409) 835-2115 (fax)
enew@germer.com